IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

TETTEY WAYO BOTCHWAY      :
    Petitioner                             :

v                                       :         Civil Action No. DKC-05-3321

STEVEN R. WILLIAMS           :
    Respondent                         :
                                o0o

**MEMORANDUM**

      The above-captioned Petition for Writ of Habeas Corpus was denied by this court on March 23, 2006. Papers No. 5 and 6. The sole issue before the court at that time was whether Petitioner's continued detention pending removal from this country ran afoul of the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner has since filed a Supplemental Response as well as correspondence asserting that the political climate in Togo has worsened. Papers No. 7 and 8. He claims that because Togolaise authorities are now aware of his attempts to seek asylum, they have hastened arrangements for travel documents. Paper No. 8. He further claims that he is in danger of being tortured or killed upon his return to that country. *Id*. In short, Petitioner is challenging the merits of the decision finding him removable and denying him asylum in this or another country. *Id*. Petitioner's correspondence shall be construed as a Motion to Alter or Amend, which shall be granted. For the reasons set forth below, this matter will be transferred to the Fourth Circuit Court of Appeals for consideration of the allegations raised regarding Petitioner's removal.

      To the extent that Petitioner is attempting to challenge the validity of the removal order, this court is without jurisdiction to consider the allegation. On May 11, 2005, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act of 2005 or "RIDA." Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial*

*review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[1] Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

This court has consistently concluded that RIDA makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. Consequently, to the extent that Petitioner wishes to raise a challenge to his order of removal, RIDA undoubtedly divests this court of subject matter jurisdiction to review that challenge.

Accordingly, this Petition, raising a question of law directly related to the legality of Petitioner's order of removal, shall be transferred to the United States Court of Appeals for the Fourth Circuit. Petitioner's deportation shall be stayed pending further action by the court of appeals. A separate Order follows.

  3/28/06  
Date

    /s/  
DEBORAH K. CHASANOW  
United States District Judge

---

[1] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

2